IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                    No. CR 09-1049 JB

JOSE SANTOS VAQUERA-JUANES,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed September 30, 2009 (Doc. 23)("Memo."). The Court held a sentencing hearing on October 14, 2009. The primary issue is whether the Court should grant Defendant Jose Santos Vaquera-Juanes a variance for a sentence lower than the advisory guideline range. Because the Court believes that a sentence within the guidelines would be tantamount to a sentence of life imprisonment, the Court will grant Vaquera-Juanes' request for a variance and will sentence him to a term below the guideline imprisonment range.

**FACTUAL BACKGROUND**

Vaquera-Juanes is seventy-six years old, and in those years, he has accumulated a substantial criminal history. In August of 1964, at age thirty-one, he was arrested and convicted for illegal reentry to the United States. See Presentence Investigation Report ¶ 20, at 5 (dated August 20, 2009)("PSR"). He was arrested and convicted for illegal reentry two more times, once in August of 1973 and again in April of 1975. See PSR ¶¶ 21, 22, at 6. He has been convicted of driving under the influence of drugs or alcohol on at least eight occasions -- in January of 1994, in April of

1994, twice in March of 1995, in May of 1998,[1] in May of 2000, and in October of 2001.  See PSR ¶¶ 23-30, at 6-8.  Some of these DUI counts were coupled with other offenses.  On January 21, 1994, Vaquera-Juanes pled guilty to driving without a valid license, in addition to driving under the influence, see PSR ¶ 24, at 6, and on May 4, 1998, he pled guilty to charges of careless driving and driving without insurance, see PSR ¶ 28, at 8.  In February of 2004, he pled guilty to importing marijuana, and aiding and abetting.  See PSR ¶ 31, at 9.  Then, on April 10, 2008, Vaquera-Juanes -- then seventy-four years old -- was sentenced to 18-months imprisonment, and two years of supervised release, for importing and possession with intent to distribute less than 50 kilograms of marijuana.  See PSR ¶ 32, at 10.  The PSR also lists a plethora of other arrests that did not result in convictions.  See PSR ¶¶ 36-48, at 11-15.

On January 26, 2009, Vaquera-Juanes applied for entry into the United States using the alias Jesus Mendoza-Valencia and representing himself to be of United States citizenship.  See PSR ¶¶ 3-4, at 3.  After a records check and fingerprint query, a Border Patrol agent identified Vaquera-Juanes, and discovered that he had been deported after conviction on felony counts of importing and possession with intent to distribute marijuana.  See PSR ¶ 4, at 3.  Vaquera-Juanes admitted to the agent that he had used the alias Jesus Mendoza-Valencia on many occasions to enter the United States illegally because he knew that the real Mr. Mendoza-Valencia was a United States citizen.  See id.  The Court is now sentencing Vaquera-Juanes for that federal offense.

**PROCEDURAL BACKGROUND**

On May 26, at age seventy-six, Vaquera-Juanes pled guilty to a charge of Attempted Re-entry of a Removed Alien under 8 U.S.C. § 1326(a) and (b).  See Indictment, filed May 22, 2009

---

[1] The conviction in May of 1998 was for an aggravated count of driving while intoxicated.  See PSR ¶ 28, at 8.

(Doc. 11); Plea Minute Sheet, filed May 26, 2009 (Doc. 21)("Deft pleads GUILTY to: **Indictment**")(emphasis in original). The United States Probation Office prepared the PSR. It calculated Vaquera-Juanes' base offense level as 8. See PSR ¶ 10, at 4. His base offense level has been increased pursuant to U.S.S.G. § 2L1.2(b)(1)(A) for unlawfully returning to the United States after a prior deportation for conviction for a drug trafficking offense (+16), resulting in an Adjusted Offense Level of 24. See PSR ¶¶ 11, 15, at 4-5. That adjusted offense level was then decreased 3 levels for Vaquera-Juanes' acceptance of responsibility for the offense, resulting in a total offense level of 21. See PSR ¶¶ 16-18, at 5. The Probation Office calculated Vaquera-Juanes' criminal history to be category V. See PSR ¶ 35, at 11. An offense level of 21 and a criminal history category of V yields a guideline imprisonment range of 70 to 87 months.

## ANALYSIS

In his Sentencing Memorandum, Vaquera-Juanes requests a variance for a sentence "substantially less than what is recommended in the PSR and under the United States Sentencing Guidelines." Memo. ¶ 5, at 2. As a basis for the variance, he cites his age of seventy-six years old, his declining health, and the fact that he has lived in the United States -- albeit illegally -- for most of his adult life. See id. ¶¶ 2-5, at 1-3. He further argues that a sentence within the guidelines will lead to a substantial likelihood that he will die while in prison. See id. ¶ 5, at 2-3 ("Mr. Vaquera-Juanes believes that guideline sentence will result in him likely dying while in custody serving the sentence in this case."). In the hearing, his attorney, Thomas Jameson, explained further that Vaquera-Juanes had lived much of his life in a time where he could freely cross back and forth over the United States-Mexico border, and therefore he did not understand why it was that he was being

deported. See Transcript of Hearing at 4:13-25 (taken October 14, 2009)(Jameson)("Hearing Tr.").[2] Jameson also explained that he did not represent Vaquera-Juanes in the prior criminal proceeding, but that it was possible that the sentencing judge that initially ordered Vaquera-Juanes be removed from the United States did not explain that re-entry was a crime. See Hearing Tr. at 5:1-12 (Jameson).

The United States opposes a variance. See United States' Response to Defendant's Sentencing Memorandum at 5, filed October 8, 2009 (Doc. 24). It argues that the analysis of United States v. Booker, 543 U.S. 220 (2005), and Rita v. United States, 127 S. Ct. 2456 (2007), counsels that a sentence within the guidelines range is appropriate for Vaquera-Juanes. See Response at 2-5. The United States asserts that re-entry is a serious crime, that Vaquera-Juanes has an extensive criminal history involving episodes of lying to United States authorities, that his prior prison term and deportation did not deter him from re-entering, and that his situation is not so different from every other multiple-re-entry defendant that it warrants variance from the sentencing guidelines. See id. Norman Cairns, on behalf of the United States, clarified during the sentencing hearing that the United States seeks a sentence at the bottom of the guideline range. See Hearing Tr. at 9:2-5 (Cairns)("In fact I would only ask the Court impose a sentence at the very bottom of the sentencing advisory guideline range.").

The Court has considered the facts as set forth in the PSR, the counsel's arguments, the sentencing guidelines, and the factors set forth in 18 U.S.C. § 3553. Primarily because of Vaquera-Juanes' age and declining health, the Court believes that a sentence within the guideline range would be inappropriate for the offense committed. The Court finds that Vaquera-Juanes' criminal history

---

[2] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

and his re-entry counsel in favor of a substantial sentence. It also recognizes, however, that a guideline sentence might be sentencing Vaquera-Juanes to, effectively, a life sentence for the crime of illegal re-entry, as there is a substantial likelihood that Vaquera-Juanes, now seventy-six years old, may die before reaching the end of a 70-month sentence. While the Court acknowledges that Congress has determined that illegal re-entry is a serious offense, the Court is not convinced that life imprisonment is an appropriate punishment for that offense. Vaquera-Juanes' health is declining -- he is having some difficulty breathing, having problems with arthritis in his legs and poor vision, and reported to his attorney that he has not been feeling well generally. See Memo. ¶ 2, at 1. Vaquera-Juanes has now been in custody for approximately nine months; another forty months will put him close to being released on his eightieth birthday. For the reasons stated above, those stated on the record, and further reasons consistent with those already stated, the Court will grant Vaquera-Juanes' motion for a downward variance.

**IT IS ORDERED** that the Defendant's request for a variance in his Sentencing Memorandum is granted. The Court therefore sentences Vaquera-Juanes to a term of 49 months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
   United States Attorney
Norman Cairns
   Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Thomas B. Jameson
   Assistant Federal Public Defender
Albuquerque, New Mexico

   *Attorney for the Defendant*